**MONTESSORI REGIONAL CHARTER SCHOOL, Appellant,**

v.

**MILLCREEK TOWNSHIP SCHOOL DISTRICT and City of Erie School District.**

Commonwealth Court of Pennsylvania.

Argued Oct. 7, 2002.
Decided Nov. 18, 2002.

---

Thomas A. Pendleton, Erie, for appellant.

Jennifer E. Gornall–Rouch, Erie, for appellee.

BEFORE: COLINS, President Judge, SIMPSON, Judge, and JIULIANTE, Senior Judge.

OPINION BY President Judge COLINS.

The Montessori Regional Charter School appeals the order of the Court of Common Pleas of Erie County that found that Montessori had failed to collect the requisite number of signatures necessary for it to appeal a denial of its charter application to the State Charter School Appeal Board (CAB). We reverse the trial court.

Montessori filed an application to operate a Regional Charter School within all thirteen school districts in Erie County. A regional Charter School is a non-profit school that operates under a charter granted by more than one school district. The grant of such a charter requires "an affirmative vote of a majority of all the directors of each of the school districts involved." Section 1718–A(b) of the Charter School Law[1]. All thirteen districts denied the application. Rather than appeal these denials, Montessori filed an amended application to operate within five of Erie's districts. All five districts denied the amended application. Montessori then moved to appeal the denials of only the Erie and Millcreek districts to the Charter School Appeal Board. Before the CAB may exercise its jurisdiction, the organization seeking to appeal must "obtain the signatures of at least two percentum of the residents of each school district granting the charter ..." Section 1717–A(i)(2) of the Law, 24 P.S. § 17–1717–A(i)(2), and submit those signatures to the court of common pleas for a determination of the sufficiency of those signatures. Section 1717–A(i)(5) of the Law, 24 P.S. § 17–1717–A(i)(5). Montessori obtained the signatures of two percent of the residents of Erie and Millcreek districts but did not obtain any signatures from residents of the other districts.

The trial court denied Montessori's appeal on the grounds that it had not collected the requisite number of signatures on

---

1. Act of June 19, 1997, P.L. 225, 24 P.S.    § 17–1718–A(b).

its petition. The trial court found that the language of the Law required Montessori to obtain signatures from all five districts to which it had applied for a charter, not just the two in which Montessori had now apparently decided to operate. Montessori brought this appeal.

The question we are asked to determine is whether the law requires Montessori to obtain the requisite number of signatures from all five school districts that denied its application or from just the two districts in which it now wishes to operate.[2] Montessori claims that the language "each school district granting the charter" refers to those districts that will ultimately grant the charter and that in this case that is now only Erie and Millcreek. Erie and Millcreek assert that it must be the five districts to which Montessori applied in its amended application.

We are persuaded by Montessori's argument because we find nothing in the law that requires an applicant for a regional charter to file an amended application where it decides to operate in fewer than the number of districts that denied its application. In addition, having already filed two applications with Erie and Millcreek it would be redundant to file yet another application, especially when that third application would almost surely be denied as well. Both administrative and judicial economy dictate a *de facto* amendment by the simple expedient of appealing only the denials by those districts in which an applicant wishes to operate rather than having to go through the motions of the application process yet again before filing an appeal.

Accordingly we reverse the order of the Court of Common Pleas of Erie County. Petitioner shall be allowed to appeal the denial of its application to operate a regional charter school in Erie and Millcreek Townships to the CAB.

### ORDER

AND NOW, this 18th day of November 2002, the order of the Court of Common Pleas of Erie County in this matter is reversed. Petitioner shall be allowed to appeal the denial of its application to operate a regional charter school in Erie and Millcreek Townships to the Charter School Appeal Board.

---

2. Because we consider solely a question of law, our review is plenary and our standard of review is whether an error of law was committed. *Wagner v. Wagner*, 564 Pa. 448, 768 A.2d 1112 (2001).